UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

BILLY C. MASH                                                     PETITIONER

v.                                                     CIVIL ACTION NO. 5:17-CV-P194-TBR

WARDEN KATHY LITTERAL                                RESPONDENT

## MEMORANDUM OPINION

Petitioner Billy C. Mash filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely. Petitioner has responded (DN 10). For the following reasons, the petition will be dismissed.

I.

Petitioner was convicted in McCracken Circuit Court on May 19, 2010, on one count of first-degree sodomy. He appealed. On March 22, 2012, the Kentucky Supreme Court affirmed.

According to the petition, on April 21, 2011, Petitioner filed a RCr 11.42 motion in the McCracken Circuit Court, which was denied. He appealed, and on January 18, 2013, the Kentucky Court of Appeals affirmed that denial. Petitioner filed the instant § 2254 petition in this Court on December 9, 2017.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

---

[1] "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); *see also Houston v. Lack*, 487 U.S. 266 (1988). In this case, Petitioner certified that he placed his petition in the prison mail system on December 9, 2017.

(d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, Petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on June 20, 2012, 90 days after the Kentucky Supreme Court affirmed his conviction when the 90-day time period for filing a petition for a writ of certiorari to the United States Supreme Court ended. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).[2]

However, according to the petition, Petitioner filed a post-conviction motion challenging his state court conviction on April 21, 2011. That post-conviction motion was denied by the Kentucky Court of Appeals on January 18, 2013.

The AEDPA one-year limitations period was tolled while Petitioner's post-conviction motion was pending. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th

---

[2] This same 90-day time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment. *See Lawrence v. Florida*, 549 U.S. 327, 31-32 (2007).

Cir. 2001). Once the Kentucky Court of Appeals affirmed the circuit court's denial of the post-conviction motion on January 18, 2013, the AEDPA's one-year limitations began to run, and thus the one-year period expired on Saturday, January 18, 2014. Petitioner did not file the instant § 2254 petition in this Court until December 9, 2017, well after the one-year period expired.

## II.

In Petitioner's response to the Court's show-cause order, he argues that he has been diligently pursuing his case. Petitioner states that he contacted the Kentucky Innocence Project (KIP) in November 2014, which then sent him a questionnaire. After he returned the questionnaire, Petitioner states that KIP told him they were reviewing his case, which he assumed meant that KIP was representing him.[3] He states that he wrote KIP a letter dated October 18, 2016, because it had been over two years since they had corresponded.

Petitioner also states that he was transferred from the Kentucky State Penitentiary (KSP) to the Eastern Kentucky Correctional Complex on approximately May 15, 2015, and that during that transfer the Kentucky Department of Corrections misplaced a bag containing his legal papers.

Petitioner further states that while he was at KSP another inmate was assisting him as a legal aide with a state habeas corpus petition, but that other inmate was released on February 8, 2015, and took Petitioner's petition and appeal briefs with him and was thereafter unable to send them to Petitioner.

---

[3] Among the attachments to Petitioner's response is a letter from KIP to him dated December 10, 2014, which states among other things: "Please be advised, the fact that we are sending you a screening questionnaire does not mean that your case has been accepted for investigation yet."

3

Petitioner also asks to be allowed to proceed in this case under the "'presumption of innocence' exception because the petitioner wasn't the cause of the delays within the state courts."

As the Court explained in its prior Memorandum and Order, the statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009). "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Sherwood*, 579 F.3d at 588. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).

First, the Court notes that the earliest event that Petitioner points to when he maintains that he has been diligently pursuing his case is contacting KIP in November 2014. However, as the Court has explained, the one-year period ran in January 2014. Thus, Petitioner did not contact KIP until months after the one-year limitations period had run.

Even if Petitioner had contacted KIP before the one-year period ran, he admits that he did not hear from them for two years. Petitioner's failure to actively monitor the status of his case is fatal to his equitable tolling argument. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("[T]o the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal.").

Nor do the loss of legal papers by the Kentucky Department of Corrections or due to the release of his legal aide serve to equitably toll the time period. Both of these events occurred well after the one-year period had run.

Finally, to the extent that Petitioner may be claiming "actual innocence" when he refers to the "presumption of innocence exception," to make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred. *Id.* at 316. Here, Petitioner has not done so. Consequently, the Court will, by separate Order, dismiss the instant petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601
4413.009